## Seale v. Commonwealth.

June 22, 1945.

H. L. Rudd and E. B. Rose for appellant.

Eldon S. Dummit, Attorney General, M. J. Sternberg, Assistant Attorney General, and W. L. Kash, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Walker Seale, was indicted, tried and convicted in the Owsley circuit court for the offense denounced in section 433.240 of KRS, which says: "Any person who, unlawfully but without felonious intent, takes, carries away, defaces or damages any property or thing of value not his own shall be fined not less than ten dollars nor more than two thousand dollars." His motion for a new trial (based on the insufficiency of the evidence to sustain a conviction) was overruled by the

court, and he has brought the case here exclusively relying for a reversal on that ground. At the close of the Commonwealth's testimony appellant moved for a directed acquittal which was overruled, and the motion was repeated at the close of all the evidence with like results.

Lower Buffalo Creek separates the farms of appellant and Walter Thomas. Prior to the commission of the alleged offense with which appellant is charged he had contracted or dedicated a passway across his land running parallel with the creek, but located 20 feet or more from its bank on his land. But whether that was acquired for other than use by pedestrians is not disclosed.

We gather from the evidence that on the opposite side of the creek from appellant's land, and about the same distance from the bank on that side, was a county road. After appellant acquired his land he erected across the creek a footbridge consisting of two large logs obtained from his land welded together, and which was done, according to the proof, exclusively for his own use, and he constructed it himself. However, he acquiesced in and permitted anyone to use the bridge in crossing the creek as they desired; but there is no intimation in the record, or contention made that the public thereby acquired any interest therein. One of the logs became disconnected from the other and afterward during a freshet, it floated down the stream, thereby reducing the bridge to only the remaining log. It finally became weakened by decay and appellant removed it, and it is that act of removal that the Commonwealth by its indictment relies on for conviction. Our rehearsal of the substance of the testimony is not contradicted by any testimony heard at the trial as given by the witnesses, nor were there any circumstances proven qualifying or detracting therefrom.

It will be observed that the denounced acts in the section of the statute, supra, must have been committed to "property or thing of value not his own," and without felonious intent; also that the property or thing of value referred to was intended to apply to private property, since another section of the statute, 433.760, covers like offenses with reference to public property. The latter section does not contain the phrase "not his own," but

the instant indictment does contain it. Therefore, it is clear that the draftsman of the indictment intended to and did charge therein the offense denounced in section 433.240, supra. The evidence, as we have seen, failed to prove either that the footbridge was public property, or that anyone other than appellant owned or possessed any interest in it. On the contrary it was clearly made to appear that appellant possessed and owned the entire interest in it. Therefore, the involved property in this case being owned exclusively by appellant and being excluded from the operation of the statute, the court should have sustained the motion for a directed acquittal.

Wherefore, the judgment is reversed with directions to set it aside and on another trial, if one should be had, and the evidence should be substantially the same, the court will direct an acquittal.